UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40993
Summary Calendar
_____


Priscilla Leal,

                              Plaintiff-Appellant,

                versus

City of Corpus Christi,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-95-CV-243)
_____

July 2, 1997

Before DAVIS, WIENER, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

     This appeal challenges the district court's grant of a motion

for summary judgment in favor of the defendant and the subsequent

dismissal of the plaintiff's employment discrimination claims.  For

the reasons that follow, we affirm the judgment of the district

---

[*]  Pursuant to 5th Cir. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5th Cir. R. 47.5.4.

court.

## I.  Standard of Review

This court reviews the district court's grant of summary judgment de novo. *See, e.g., Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 433 (5th Cir. 1995). "Summary judgment is proper when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was proper, all fact questions are viewed in the light most favorable to the non-movant." *Id.* (quoting *Moore v. Eli Lilly Co.*, 990 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 976, 114 S. Ct. 467, 126 L.Ed.2d 419 (1993) (citation omitted)).

## II.  Background

The plaintiff, Priscilla Leal, has been employed by the defendant, the City of Corpus Christi, for over fifteen years as the Senior Secretary for the city's Public Utilities Commercial Office. In March 1993, the defendant advertised that it was accepting applications for a vacancy in its Customer Relations Manager position. Leal, who was 46 years old at the time, applied for the promotion and, although she was interviewed for the position, was not chosen to fill the vacancy. Instead, Barbara Sudhoff, a 39-year-old, was selected for the position.

Shortly thereafter, in May of 1993, the city advertised that

it was accepting applications for the position of Meter Reading Supervisor. Leal applied for that position as well, but was passed over in favor of Alejandro Puente, a 36-year old male. Based on these decisions, Leal filed a charge of age and sex discrimination with the Equal Employment Opportunity Commission ("EEOC").[2]

Meanwhile, in March 1992, Victor Salas was promoted to the position of Utilities Business Office Manager. Salas was thereby given direct supervisory authority over Leal. Leal contends that over the course of the next several years, Salas subjected her to a hostile working environment. In support of this allegation, Leal points to a number of incidents in which Salas allegedly treated her and other employees in an unprofessional, intimidating, or otherwise threatening manner.

Salas's alleged treatment of Leal culminated in a letter to the City Manager in which Leal expressed fear for her safety and claimed that Salas was "continuously following [her], watching [her] every step and move[, and] stalking and harassing [her]." In response to this letter, Leal was placed on paid administrative leave pending an investigation of her concerns. Although the results of the city's investigation are unclear, it is undisputed that Leal was offered a transfer, which she subsequently declined.

---

[2] It is unclear from the record when Leal's EEOC charge was filed. She contends in an affidavit, however, that she had a court appearance on the matter in October 1995. For purposes of summary judgment, we will assume that Leal's charge was filed sometime in early- to mid-1995 and that none of her claims are time-barred.

On May 31, 1995, Leal filed a complaint in federal district court alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*. Leal later filed amended complaints in which she raised claims of sex discrimination, hostile work environment sexual harassment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000(e) *et seq*.

In August 1996, the district court granted the city's motion for summary judgment with respect to all of Leal's claims. Accordingly, the district court dismissed the case and entered final judgment in favor of the city. Leal timely filed her notice of appeal and this appeal followed.

## III. Discussion

This court has recognized that an applicant who is passed over for a position can prove that the challenged decision was pretext for discrimination by establishing that she is "clearly better qualified for the position in question." *Odom v. Frank*, 3 F.3d 839, 845 (5th Cir. 1993). We explained, however, that "unless disparities in curricula vitae are so apparent as virtually to jump off the page and slap us in the face, we judges should be reluctant to substitute our views for those of the individuals charged with the evaluation duty by virtue of their own years of experience and expertise in the field in question." *Id.* at 847. After carefully

4

examining the record in this case, we cannot find that Leal's credentials were "so obviously and substantially superior" to the successful applicants that Leal was "clearly better qualified" for the positions at issue. *See id.* Accordingly, we conclude that summary judgment was properly granted with respect to Leal's claims of age and sex discrimination.

To maintain a claim of sexual harassment based on a hostile working environment, a plaintiff must show, among other things, that she was subject to unwelcome sexual harassment based on sex. *Jones v. Flagship Int'l*, 793 F.2d 714, 719-20 (5th Cir. 1986), *cert. denied*, 479 U.S. 1065, 107 S. Ct. 952, 93 L.Ed.2d 1001 (1987). Viewing the evidence in the light most favorable to Leal, the record in this case establishes only that Salas utilized an unduly intimidating management style and did not treat the employees under his supervision with sufficient respect. Leal's evidence is peppered with references to Salas's poor treatment of many of his subordinates -- without reference to their sex.[3] This court has recognized, however, that "Title VII does not exist to punish poor management skills; rather, it exists to eliminate certain types of bias in the workplace." *Ray*, 63 F.3d at 435 n.19. Because Leal has presented no evidence that Salas's alleged treatment of her was based on sex, summary judgment was properly

---

[3] Although Leal claims that "most" of the employees who were mistreated by Salas were over the age of forty, she does not assert a claim of hostile work environment harassment based on age.

5

rendered with respect to Leal's claim of hostile work environment sexual harassment. *See DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 593 (5th Cir.), *cert. denied*, — U.S. —, 116 S. Ct. 473, 133 L.Ed.2d 403 (1995) (emphasizing that the purpose of a claim for hostile work environment sexual harassment is "to level the playing field for women who work by preventing others from impairing their ability to compete on an equal basis with men").

Finally, Leal contends that Salas subjected her to a hostile work environment in retaliation for filing a charge of discrimination with the EEOC. Even if such a claim is cognizable in this circuit after our decision in *Mattern v. Eastman Kodak*, 104 F.3d 702, 705-10 (5th Cir. 1997), Leal has not alleged that the city failed to take prompt remedial action upon learning of the harassment. *See Jones*, 793 F.2d at 719-20 ("In order to establish a claim against an employer for a hostile work environment, the plaintiff must show ... that the employer knew or should have known of the harassment in question and failed to take prompt remedial action"); *Mattern*, 104 F.3d at 712 (Dennis, J., dissenting) (arguing that a claim of hostile work environment retaliatory harassment is actionable when a plaintiff proves, among other things, that "... the employer knew or should have known of the harassment and failed to take reasonably calculated steps to end the abuse ..."). In fact, it is undisputed that two days after receiving a complaint, the city placed Leal on paid administrative

leave pending its investigation.  Moreover, the city later offered to transfer Leal to another department.  In the absence of competent evidence that this response was not adequate, Leal cannot raise a genuine issue of material fact sufficient to withstand summary judgment.[4]  *See Hirras v. National Ry. Passenger Corp.*, 95 F.3d 396, 400 (5th Cir. 1996) (noting that "[o]n several occasions, we have held that an employer's response to discriminatory conduct constituted prompt remedial action as a matter of law" (citations omitted)).

## IV.  Conclusion

Leal failed to establish a genuine issue of material fact with respect to any of her claims of discrimination.  Therefore, the district court properly granted summary judgment in favor of the city with respect to each of Leal's claims.  Accordingly, the judgment of the district court is AFFIRMED.

---

[4]  As part of her claim of hostile work environment retaliatory harassment, Leal alleges that Salas placed a letter of reprimand in her file that contained false information.  Upon receiving Leal's written response to the letter of reprimand, the city conducted an investigation and deleted all erroneous information from the letter.  Leal does not contend that the city's handling of this incident was in any way deficient.